UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONOVAN EVANS, # 081450                                           PLAINTIFF

VERSUS                                     CIVIL ACTION NO. 3:21-CV-352-DPJ-RPM

MADISON COUNTY DETENTION CENTER,
PEARL RIVER COUNTY JAIL, MADISON
COUNTY, and PEARL RIVER COUNTY                                    DEFENDANTS

ORDER OF PARTIAL DISMISSAL

This pro se prisoner case is before the Court, sua sponte, for consideration of dismissal. Plaintiff Donovan Evans is a federal prisoner currently housed at the Madison County Detention Center, and he brings this action under 42 U.S.C. § 1983 challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Madison County Detention Center and Pearl River County Jail are dismissed.

I.      Background

Evans is a federal prisoner, awaiting sentencing by this Court in *United States v. Evans*, No. 3:20-CR-125-SA-RP. Evans is currently housed at the Madison County Detention Center in Canton, Mississippi. Evans spent part of his pre-conviction time there and at the Pearl River County Jail in Poplarville, Mississippi. Named as Defendants are these jails and both Madison County and Pearl River County. Evans challenges the conditions of confinement at both facilities.

Evans claims that his backpack and its contents were either lost or stolen during his incarceration. According to him, he discovered that some items were missing when he was being transferred from the Pearl River County Jail to the Madison County Detention Center.

Even though Evans's backpack allegedly made it to Madison County, he contends that his bag was unlawfully searched upon arrival there in violation of the Fourth Amendment. Further, Evans claims that Madison County sent his backpack and remaining property back to Pearl River County Jail, over his objection, while he remained at Madison. According to Evans, Pearl River County Jail denies that it has any of his property.

Evans brings this action, invoking § 1983 and state law, seeking damages. Evans asserts claims for deprivation of property and negligence against all Defendants and claims for unlawful search against the Madison County Detention Center and Madison County.

II.     Discussion

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Evans to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Mississippi law determines whether Evans can sue the Madison County Detention Center and Pearl River County Jail.  Fed. R. Civ. P. 17(b)(3).  Under Mississippi law, a county jail is not a separate legal entity that may be sued; rather it is an extension of the county.  *Tuesno v. Jackson*, No. 5:08-CV-302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2–3 (S.D. Miss. Apr. 30, 2009).  Therefore, the Madison County Detention Center and Pearl River County Jail are dismissed.  Evans has also named Madison County and Pearl River County as Defendants.  Any allegations against one of these jails will be construed as allegations against the respective County.

III.     Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims against the Madison County Detention Center and Pearl River County Jail are **DISMISSED WITH PREJUDICE** as frivolous.  The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED** this the 5th day of November, 2021.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE